**Gary William HOLT, Plaintiff-Appellant,**

v.

**Jerry PITTS, Sheriff, Defendant-Appellee.**

No. 81–5560.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Feb. 15, 1983.

Decided March 25, 1983.

Gary William Holt, pro se.

Gus Wood, III, Morgan, Garner, Wood & Guthrie, Chattanooga, Tenn., for defendant-appellee.

Before MERRITT, MARTIN and WELLFORD, Circuit Judges.

PER CURIAM.

This is a civil rights action under 42 U.S.C. § 1983. Gary Holt, an indigent federal prisoner, claims that his first and fourteenth amendment rights were infringed when, as a prisoner in a Tennessee county jail awaiting trial, the sheriff denied him access to certain personal law-related books. The district court found that although denied access to his books, Holt's constitutionally-guaranteed right to access to the courts had not been abridged because he had been afforded adequate assistance of legal counsel. We affirm.

Much of the factual and procedural background of this case beyond what has been related above is recounted in our decision in *Holt v. Pitts,* 619 F.2d 558 (6th Cir.1980). There we reversed the lower court's dismissal of Holt's action and remanded for further proceedings. On remand, the court ordered both parties to file motions for summary judgment. In a subsequent order granting each party partial summary judgment, the court held, *inter alia,* that denial of the lawbooks did not infringe Holt's constitutional rights.

Here Holt, although apparently agreeing with the lower court's legal analysis, disagrees with its application of the law to the facts of this case. In other words, he apparently agrees, as we think he must, with the proposition that a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Avery v. Johnson,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). He disagrees, however, with the courts finding that he was afforded assistance of legal counsel. At the very least, he contends, the existence of the dispute made summary judgment inappropriate.

We confess some bewilderment with Holt's argument. By his own admission, it is clear that counsel was appointed to represent him in both federal and state actions pending against him. As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the courts. *Bounds, Avery.* He emphasizes, however, that he did not "accept" assistance until one day before his state trial. That fact is immaterial. The alternative avenues open to state authorities to protect a prisoner's right of access to the courts are precisely that—alternatives. The choice between alternatives lies with the state. A prisoner who chooses not to

avail himself of the alternative provided has no basis—constitutional or otherwise—for complaint.

In addition, Holt's personal lawbooks were available to him. The fact that the prison authorities conditioned access to these materials on Holt's consent to the removal of the hardback covers was neither unreasonable nor unconstitutional. *See Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979) (prison regulations rationally related to prison security are not unconstitutional).

The judgment of the district court is affirmed.