786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GENE T. FAVORS, Plaintiff-Appellant,
v.
THEODORE KOEHLER; JOE MULLEN; AND MR. BRITTON, Defendants-Appellees.
 85-1114
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 W.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: KRUPANSKY and GUY, Circuit Judges and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the November 8, 1984, summary judgment for defendants and moves for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is a prisoner in the State Prison of Southern Michigan. He filed this pro se civil rights action under 42 U.S.C. Sec. 1983 alleging that the prison law library was inadequate because it lacked volumes and supplements. He claimed that the inadequate library deprived him of access to the courts because he was unable to prepare 'legal papers' for his parole release or appeal his conviction. He also claimed that his complaints about the library 'hindered' his chances for parole. Defendants filed a motion to dismiss or for summary judgment. The district court granted defendants' motion for summary judgment on the grounds that plaintiff had been represented by counsel in his state appeal, the Michigan Supreme Court had fully reviewed plaintiff's conviction, legal assistance was unnecessary for parole hearings, and plaintiff's claim that his chances for parole were 'hindered' by his complaints about the library was a conclusion insufficient to support a civil rights claim. We affirm.
 
 
 3
 Prisoners have a constitutional due process right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). However, to state a claim under section 1983, the prisoner must allege that he was actually denied adequate access to the courts, not to the prison law library. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985); see Holt v. Pitts, 702 F.2d 639 (6th Cir. 1983); Garza v. Miller, 688 F.2d 480 (7th Cir. 1982), cert. denied, 459 U.S. 1150 (1983); Hudson v. Robinson, 678 F.2d 462 (3d Cir. 1982). Access to the courts is not equated with adequacy of a prison law library. Walker v. Mintzes, supra, quoting with approval Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978); see Kelsey v. Minnesota, 622 F.2d 956 (8th Cir. 1980). Plaintiff's complaint does not allege that the inadequacy of the law library hindered his access to the courts. Plaintiff merely claims that he 'couldn't prepare [his] legal papers for court or parole release hearing, and appeal my conviction.' The defendants state in their motion for summary judgment that plaintiff was represented by an appointed attorney on his direct appeal, and the Michigan Supreme Court reviewed his conviction under the Michigan letter-appeal procedure. Since plaintiff was represented by an attorney for his appeal, his right of access to the courts was preserved despite the alleged inadequacy of the law library. See Holt v. Pitts, supra.
 
 
 4
 Plaintiff's claim that he was unable to prepare legal papers for his parole release hearing is also without merit. The Michigan parole procedures are non-adversarial and do not require 'legal' filings. Parole release is discretionary with the parole board. MCLA Sec. 791.234(5); MCLA Sec. 791.235; see Shields v. Department of Corrections, 128 Mich.App.380, 340 N.W.2d 95 (1983). Plaintiff's inability to present 'legal' papers to the parole board did not interfere with his access to the courts.
 
 
 5
 Plaintiff argues on appeal that the district court misconstrued his complaint and that he intended to allege that he had been unable to challenge actions of the prison disciplinary board and parole board because the library is too inadequate to allow him to formulate a complaint. Plaintiff raises these allegations for the first time on appeal. They were not presented in the complaint, even if liberally construed. Plaintiff also did not raise them in response to defendants' motion for summary judgment. Therefore, the district court did not misconstrue the complaint as filed.
 
 
 6
 Accordingly, it is ORDERED that the motion for counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).