802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOBBY LEE BROOKS, Plaintiff-Appellant
v.
OTIE JONES, WARDEN, Defendant-Appellee.
 No. 86-5766.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1986.
 
 BEFORE: MERRITT, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee state prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 for failure to state a claim for which relief could be granted.
 
 
 2
 Plaintiff sued the warden of his jail claiming that he was being denied his right as a jail-house lawyer to give legal assistance to his fellow inmates. iIn his response to the defendant's motion to dismiss, plaintiff stated that he had been granted the right to serve as a jail-house lawyer by a district court judge and that there were many inmates who have requested his advice. Plaintiff also submitted a lengthy list of inmates who were seeking his advice.
 
 
 3
 Upon review of the cause in light of the arguments presented by the parties in their respective appellate briefs, this Court concludes that the district court properly dismissed plaintiff's complaint. Clearly, an inmate has the right to meaningful access to the courts which is protected when a state provides an inmate with either the legal tools necessary to defend himself, e.g. a state-provided law library, or the assistance of legally trained personnel. See Walker v. Mintzes, 771 F.2d 920, 931 (6th Cir. 1985); Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983). "The alternatives open to state authorities to protect a prisoner's right of access to the courts are precisely that-alternatives. The choice between alternatives lies with the state." Holt v. Pitts, 702 F.2d at 640.
 
 
 4
 Because the plaintiff did not allege in the district court nor argue in his appellate brief that he or other inmates are being denied access to the courts, as opposed to being denied access to legal advice from this particular plaintiff, it is clear that the district court properly dismissed plaintiff's complaint for failure to state a cause of action.
 
 
 5
 the district court's opinion rendered in Vaughn v. Trotter, 516 F.Supp. 886 (M.D. Tenn. 1980), does not contradict this holding. In Vaughn, the district court addressed the problem of an inmate's right of access to the courts when the only available access was through a jail-house lawyer. The district court expressly stated the situation before it was one where the jail-house lawyer provided the exclusive means of access to the courts. See Vaughn v. Trotter, 516 F.Supp at 891 and n.4. The court was also confronted with a situation where the jail-house lawyer was the subject of a pervasive and continuing pattern of harassment in apparent retaliation for his representing himself as well as the other inmates. Because the circumstances which were present in Vaughn are not alleged to exist in the instant case, the plaintiff herein failed to state a cause of action.
 
 
 6
 For these reasons, this panel agrees unanimously that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.