881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George T. HAYNIE, Jr., Plaintiff-Appellant,
v
Larry LACK, Defendant,
Johnny T. Harrision; Middle Tennessee Reception Center,
Defendants-Appellees.
 No. 88-5165.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 
 ORDER
 
 2
 George T. Haynie, Jr., a pro se Tennessee prisoner, appeals the district court's summary judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Haynie sued the defendant prison officials alleging that while an inmate at the Middle Tennessee Reception Center he was denied his first amendment right of access to the courts. Specifically, Haynie alleged that upon his return from a grievance hearing, defendant Harrision, a guard, refused to issue him a pass to the law library even though there was still thirty minutes remaining of the time designated for his unit's use of the library. Haynie alleged that as a result of his inability to use the library that particular day, he suffered adverse consequences at a court appearance the next day in Davidson County Criminal Court when the trial judge assessed him with court costs for his prolonging the proceedings. The district court initially dismissed Warden Lack from the action because he had no personal involvement in the alleged wrongdoing; Haynie does not contest that ruling. Thereafter, the parties, pursuant to 28 U.S.C. Sec. 636(c)(4), consented to the magistrate conducting all further proceedings. Ultimately, the magistrate granted the defendant's motion for summary judgment finding no constitutional violation because Haynie had been represented by counsel in the Davidson County cases.
 
 
 4
 Upon review, we affirm the district court's judgment as Harrison's refusal to issue Haynie a pass to the law library was not a deprivation of constitutional magnitude. Haynie has not shown how he was prejudiced by Harrison's actions as the record discloses that Haynie was represented by counsel during the Davidson County proceedings, and his hearing was in fact held three days after the incident in question. Moreover, the trial judge did not impose court costs as a sanction; rather, Haynie voluntarily agreed to pay costs. Under these circumstances, Haynie can not maintain an action for denial of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Holts v. Pitts, 702 F.2d 639, 640 (6th Cir.1983) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation