927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MARTIN, Plaintiff-Appellant,
v.
Karen WHALEN; Elona Wilson; Robert Brown; Raymond Toombs;
Frank Williams; Pete Vidor; Donald Mason; Ray
Palmer; Dana Hartman; Beverly
Williams; Michael D.
Evans-Palmer,
Defendants-
Appellees.
 No. 90-1739.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 E.D. Mich. 89-72896, Woods, J.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and RUBIN, District Judge.*
 
 
 4
 Morris Martin is a pro se Michigan prisoner who appeals a summary judgment in the civil rights case that he had filed under 42 U.S.C. Sec. 1983. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 Martin alleged that the defendants had violated his constitutional right to have access to the courts by delaying his receipt of a legal opinion and by refusing to supply him with legal-size typing paper. On June 15, 1990, the district court entered a summary judgment in favor of the defendants. It is from this judgment that Martin now appeals. His brief on appeal contains a request for counsel.
 
 
 6
 Upon de novo review, we conclude that the defendants are entitled to summary judgment. Cf. Fed.R.Civ.P. 56. To state a first amendment claim Martin must show that the defendants actually impeded, prejudiced or frustrated his access to the courts. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Martin's claim regarding the alleged delay in receiving an opinion that he wished to appeal does not meet this test because he had ample time to examine the opinion and to prepare his petition before the filing deadline.
 
 
 7
 Martin's claim regarding the denial of legal-size paper also fails the test that was developed in Walker. State authorities may protect a prisoner's access to the courts by alternative means, and a prisoner who fails to take advantage of a reasonable alternative does not have a valid constitutional claim. See Holt v. Pitts, 702 F.2d 639, 640-41 (6th Cir.1983) (per curiam). As a pro se litigant, Martin could have used letter-size paper to file his petition. See Sup.Ct.R. 46.3 (1989); cf. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). This alternative adequately protected Martin's right to have access to the courts.
 
 
 8
 A judgment in favor of the defendants is also appropriate because Martin is barred from receiving the monetary and the injunctive relief that he requests. Under the eleventh amendment, state employees are immune from damages when a Sec. 1983 action is brought against them in their official capacity. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). It appears that the defendants in the instant case were being sued in their official capacity because the complaint does not indicate that they are being sued personally. See id. In addition, the conduct alleged in the complaint fell within the ambit of the defendants' official duties. See Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 942 (6th Cir.1990).
 
 
 9
 Moreover, Martin's injunctive claims are now moot. First, the defendants' proof is not disputed insofar as it avers that legal-size paper is now available at Martin's former prison. Second, the Supreme Court Rules now specify that letter-size paper be used for typewritten documents. Cf. Sup.Ct. Rule 34.1 (1990). Finally, both of Martin's claims were rendered moot by his transfer to another prison. Cf. Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 10
 Accordingly, it is hereby ORDERED that Martin's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation