37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert E. PRUNTY, Plaintiff-Appellant,
v.
T. BOYKINS; Fogle, Major; C. Cassaro, Defendants-Appellees.
 No. 94-3256.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Robert E. Prunty, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Prunty sued multiple Ohio prison officials in their individual capacities. Prunty alleged that he was placed in segregation for twenty-three days. While he was in segregation, he repeatedly asked for access to the prison law library so he could prepare a petition for a writ of certiorari to the United States Supreme Court. The requests were denied. As a result, Prunty alleged that he was unable to file a timely petition. The parties filed cross-motions for summary judgment, and the district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Prunty essentially contends that the district court erred by not finding that he was denied meaningful access to the courts. He requests oral argument.
 
 
 5
 This court reviews the grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 The right of meaningful access to the courts requires prison officials to insure that inmates have access to the courts that is adequate, effective, and meaningful. Bounds v. Smith, 430 U.S. 817, 822 (1977). The choice between alternatives lies with the officials. If a prisoner chooses not to avail himself of the alternative provided, the prisoner has no constitutional basis for a complaint. Holt v. Pitts, 702 F.2d 639, 640-41 (6th Cir.1983) (per curiam). The right of access guarantees access to the courts and not to the prison library. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). An inmate who claims that his access to the courts was denied merely because he was denied access to the prison library fails to state a claim absent any showing of prejudice to his litigation. Id.
 
 
 7
 The facts are undisputed that during the ninety days when he had to file a petition for a writ of certiorari, Prunty was in the prison infirmary under observation for twenty-three days. Although he was under observation and had no access to the law library, he had the option of requesting legal materials from the prison's public defender. Prunty chose not to obtain legal materials from this alternative. Thus, Prunty has no constitutional basis for a complaint. Holt, 702 F.2d at 640-41. Further, for the remaining sixty-seven days, Prunty spent an enormous amount of time in the prison law library. Therefore, we conclude that Prunty was not denied meaningful access to the court.
 
 
 8
 Finally, Prunty mentions in his brief that prison officials are influencing masses of inmates to continually bang on his bed. This issue was not raised in the district court and, therefore, is not reviewable on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation