**Howard FRANKLIN, Plaintiff,**

v.

**A.C. GILLESS, Defendant.**

**No. 94–2884–Ml/Bro.**

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 15, 1994.

---

Howard Franklin, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Howard Franklin, an inmate at the Northwest Correctional Center (NWCC) in Tiptonville, Tennessee, who was formerly confined at the Shelby County Criminal Justice Complex (Jail), has filed a complaint under 42 U.S.C. § 1983.

Plaintiff sues Shelby County Sheriff, A.C. Gilless, alleging that in September of 1994 he was improperly confined at the jail instead of Cold Creek Correctional Facility (CCCF) in Henning, Tennessee, while temporarily away from his assigned Tennessee Department of Corrections (TDOC) institution, NWCC, to attend a post-conviction petition hearing in Shelby County Criminal Court. Plaintiff was booked into the jail and placed on maximum security. He was not permitted to possess various unspecified documents and papers related to his conviction, although he was able to speak with his attorney. He also alleges that unidentified jail personnel did not provide him with prescribed medicine, but that later a member of the jail medical staff did provide him with a "small dose of medication".

Plaintiff alleges that, after about two weeks in the jail, another inmate attacked plaintiff without warning or provocation and broke his hip. Jail personnel responded promptly and plaintiff received medical treatment and was transported to the hospital, where he received treatment of which he does not complain.

■ Analyzed as a due process claim, this complaint is frivolous. Plaintiff has no claim based on either his confinement in the jail pending a post-conviction petition or on his assignment by jail officials to a particular security classification. There is no federal constitutional right to a particular security classification or to assignment to a particular prison. *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir.1992); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). *See also Hewitt v. Helms*, 459 U.S. 460, 468–69, 103 S.Ct. 864,

869–70, 74 L.Ed.2d 675 (1983) (state must create liberty interest in placement in particular part of prison population); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (prisoners enjoy no liberty interest in confinement in particular prison); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (same); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).

■ While prior versions of TDOC classification regulations had been interpreted by the Sixth Circuit as creating a liberty interest in an inmate receiving a *hearing* before his security classification is changed,[1] this court has recently held that intervening amendments to those classification regulations eliminated the mandatory language and removed the liberty interest previously enjoyed. *See Warr v. Kissell*, No. 93–2982–G/Bro, slip op. at 2 (W.D.Tenn. Dec. 21, 1993); *Moore v. Compton*, No. 93–2786–G/A, slip op. at 10–11 (W.D.Tenn. Nov. 29, 1993); *Harrison v. Raney*, 837 F.Supp. 875 (W.D.Tenn.1993) (per Turner, J.). *See also Meeks v. Reynolds*, No. Civ. 3–92–434, 1993 WL 741856 (E.D.Tenn. July 6, 1993) (unpublished).

■ As plaintiff has no liberty interest in a security classification, he has no right to due process in connection with the location in which he is confined or the security classification in which he is placed. Any claim that this plaintiff was deprived of due process by the reclassification lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez*, 504 U.S. 25, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

■ Similarly, plaintiff's allegation that he should have been housed at a different prison does not amount to a constitutional claim. *See generally Olim v. Wakinekona; Meachum; Montanye.* This claim lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton*, 504 U.S. at

---

1. *Beard v. Livesay*, 798 F.2d 874, 878 (6th Cir. 1986).

——, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

■ To the extent that plaintiff is attempting to assert a claim of interference with his right of access to the courts under the First Amendment, he also has no claim. The First Amendment right of access to the courts, enunciated by *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), is fully protected by the appointment of counsel to represent the indigent prisoner in that case. *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 104 (6th Cir.1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984); *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir. 1983).

■ In the context of claims stemming from the Sixth Amendment right to counsel, that right is fully protected by appointment of the counsel to represent an indigent criminal defendant. A post-conviction petitioner has no right to insist on "helping" his attorney by visiting the law library and conducting additional research or preparing additional documents. *See United States v. Sammons,* 918 F.2d 592, 602 (6th Cir.1990) (defendant's waiver of right to court-appointed counsel and decision to represent self in defense of criminal prosecution constituted waiver of right of access to law library).

■ Finally, to the extent that plaintiff is attempting to assert a Sixth Amendment right of access to the courts, the Sixth Amendment does not apply to post-conviction proceedings. *Coleman v. Thompson,* 501 U.S. 722, 751–57, 111 S.Ct. 2546, 2566–68, 115 L.Ed.2d 640 (1991).

■ To the extent that plaintiff's claim should be construed as one under the Eighth Amendment, he has no claim. The Eighth Amendment prohibits cruel and unusual punishment. *See generally Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Eighth Amendment proscription on cruel and unusual punishment encompasses an inmate's right to personal safety. *Stewart v. Love,* 696 F.2d 43, 44 (6th Cir. 1982). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan,* —— U.S. ——, ——, 114

S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian,* 503 U.S. 1, ——, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24. The objective component requires that the deprivation be "sufficiently serious." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Hudson,* 503 U.S. at ——, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Wilson,* 501 U.S. at 297, 302–03, 111 S.Ct. at 2323, 2326–27. The official's intent must rise at least to the level of deliberate indifference. *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Wilson,* 501 U.S. at 303, 111 S.Ct. at 2326–27.

■ The Eighth Amendment thus requires a serious threat to the inmate's personal safety. *Knight v. Gill,* 999 F.2d 1020, 1022 (6th Cir.1993); *Nelson v. Overberg,* 999 F.2d 162, 165 (6th Cir.1993); *Marsh v. Arn,* 937 F.2d 1056, 1060 (6th Cir.1991); *Walker v. Norris,* 917 F.2d 1449, 1454 (6th Cir.1990); *Roland v. Johnson,* 856 F.2d 764, 769 (6th Cir.1988); *McGhee v. Foltz,* 852 F.2d 876, 881 (6th Cir.1988); *Stewart,* 696 F.2d at 44. The Supreme Court has recently reiterated that an Eighth Amendment claim requires a showing that an inmate "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977.

The Supreme Court has also clarified the subjective component: the intent of the prison official. *See, e.g., Farmer,* —— U.S. at ——, 114 S.Ct. at 1977. *Cf. Wilson,* 501 U.S. at 298–301, 111 S.Ct. at 2324–25; *Caldwell v. Moore,* 968 F.2d 595, 602 (6th Cir.1992).

According to *Farmer,* deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* —— U.S. at ——, 114 S.Ct. at 1979. *Cf. Walker v. Norris,* 917 F.2d at 1454 (prison

official displays deliberate indifference when "he causes unnecessary and wanton infliction of pain on the [inmate] by deliberately disregarding a serious threat to the [inmate]'s safety after actually becoming aware of that threat").

■ Prison officials are not liable under the Eighth Amendment for an assault by one inmate on another merely because they are on duty at the time of the assault. *See Gibson v. Foltz,* 963 F.2d 851, 853–54 (6th Cir.1992); *Marsh v. Arn,* 937 F.2d at 1067–69.

■ In this case, the only defendant sued is Sheriff Gilless. The complaint alleges no actions whatsoever by him. Plaintiff has thus failed to even allege any deliberate indifference on the part of Gilless that resulted in his being attacked by another inmate. Furthermore, the complaint specifically states that the attack was unprovoked. That is, the complaint admits that jail officials had no reason to anticipate that plaintiff was in any danger. Jail officials, including Gilless, thus could not have acted with deliberate indifference to a serious risk to plaintiff's safety. The complaint thus fails to satisfy the subjective component of an Eighth Amendment claim.

■ Furthermore, there is no *respondeat superior* liability under section 1983. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984) (liability under section 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that plaintiff relies entirely on the supervisory capacity of defendant Gilless as the basis for any claim that he caused his injuries or otherwise violated his rights.

■ To the extent that plaintiff was intending by the allegation regarding the delay in receiving his medicine to assert an Eighth Amendment claim, he has no such claim. The Eighth Amendment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, an *Estelle* claim is also subject to the same two-component analysis explained above. This allegation establishes neither component, because the plaintiff does not allege either a serious medical need to receive the medicine without any delay, or that the officer who refused it acted with deliberate indifference. In particular, there is not even an allegation that the refusing officer even possessed the authority to dispense medication to prisoners. Moreover, plaintiff received the medication and alleges no ill-effects of not receiving it. Thus plaintiff's claim is for, at most, a *de minimis* injury not cognizable under the Eighth Amendment. *See Hudson v. McMillian,* 503 U.S. at ——, 112 S.Ct. at 1000. Most importantly, as to Gilless this claim fails because it is clearly based solely on *respondeat superior. See Monell.*

Finally, when a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters,* 753 F.2d 498, 500 (6th Cir.1985).

This complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* 504 U.S. 25, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

■ The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith

if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**