41 F.3d 1509
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
Steven M. Harris, Plaintiff,
v.
William F. GRANT, Warden; John Wireman; Dave Maxam;
Johnny Yarbrough; George Horveth; Doug Murtric;
D. Botroff; C/O Rivard; Steven
Anderson, Defendants-Appellees.
 No. 93-2598.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Carlos A. Williams, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive, and monetary relief, Williams and a co-plaintiff sued multiple Michigan prison officials in their individual and official capacities. Williams alleged that he was subjected to multiple prison transfers in retaliation for filing grievances, was denied access to the courts, was subjected to less than desirable living conditions, and was deprived of his personal property. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants. Only Williams filed an appeal from the district court's judgment.
 
 
 4
 In his timely appeal, Williams raises the same arguments which he presented to the district court. He requests oral argument.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that Williams has not established a claim of retaliation. Although inmates have no constitutional right to be incarcerated in a particular institution, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), a First Amendment violation is asserted if an inmate claims that he was transferred in retaliation for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam). In order to prevail on this claim, Williams must establish that defendants' conduct constituted "an egregious abuse of governmental power" or that such action otherwise "shocks the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Williams did not present evidence establishing that his transfers were in retaliation for the exercise of his constitutional rights.
 
 
 7
 Williams also contends that he was denied access to the courts for various reasons. The right of meaningful access to the courts requires prison officials to insure that inmates have access to the courts that is adequate, effective, and meaningful. Bounds v. Smith, 430 U.S. 817, 822 (1977). Officials must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights. Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). This burden requires the officials to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from prisoners trained in the law. Bounds, 430 U.S. at 828; Knop, 977 F.2d at 1003. The choice between alternatives lies with the officials. If a prisoner chooses not to avail himself of the alternative provided by prison officials, the prisoner has no constitutional basis for a complaint. Holt v. Pitts, 702 F.2d 639, 640-41 (6th Cir.1983) (per curiam). The right of access guarantees access to the courts and not the prison library. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). An inmate who claims his access to the courts was denied merely because he was denied access to the prison law library fails to state a claim absent any showing of prejudice to his litigation. Id.
 
 
 8
 Upon review of the record, we conclude that the prison law libraries were adequate. Williams's transfers were of his own volition and did not result in the denial of access to the courts. Finally, Williams was not denied stamps for his legal mail as Williams did not properly follow prison regulations in requesting stamps.
 
 
 9
 Williams contends that he has been subjected to less than desirable living conditions. However, the conditions which Williams finds objectionable simply do not establish that the defendants engaged in malicious conduct for the purpose of causing harm. See Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992); Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir.1993). The prison facilities did not subject Williams to any cruel and unusual punishment. The record shows that Williams's numerous arguments concerning his treatment by the defendants are simply without merit and are unsupported by the evidence.
 
 
 10
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation