Eric **MARTIN**, Plaintiff–Appellant,

v.

Paul **HARVEY**, Dr., et al.,
Defendants–Appellees.

No. 00–1439.

United States Court of Appeals,
Sixth Circuit.

June 7, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

## ORDER

Eric Martin, a Michigan prisoner proceeding pro se, appeals from a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Martin also seeks immediate injunctive relief from this court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At the time of the events giving rise to this cause of action, Martin was incarcerated at the State Prison of Southern Michigan ("SPSM") located in Jackson, Michigan. Martin sued former Michigan Department of Corrections ("MDOC") director Kenneth McGinnis, a physician employed by the MDOC, Dr. Paul Harvey, a Health Unit Manager at SPSM, Tim Davis, and an unknown physician at SPSM, John Doe. Martin alleged that defendant Harvey violated his Eighth Amendment rights by refusing to examine and properly treat his right shoulder joint problem. He alleged that defendants McGinnis, Davis, and Doe failed to take appropriate action to ensure that Martin received adequate medical treatment. Martin sought monetary, injunctive and declaratory relief. Defendants McGinnis and Harvey are sued in both their individual and official capacities. The other two defendants are sued only in their individual capacities. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, McGinnis moved for dismissal. Harvey moved for dismissal under 42 U.S.C. § 1997e(a) and in the alternative for summary judgment. Because McGinnis was not personally involved in Martin's alleged injury, the magistrate judge recommended that the district court grant his Rule 12(b)(6) motion and sua sponte dismiss Davis and Doe for the same reason. With respect to Harvey's motion, the magistrate judge noted that Martin had not exhausted his administrative remedies, but concluded nonetheless that Martin's Eighth Amendment claim was without merit. Accordingly, the magistrate judge recommended granting summary judgment in favor of Harvey. The district court adopted the magistrate judge's re-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

port and recommendation over Martin's objections.

In his timely appeal, Martin argues that: 1) the district court erred by resolving disputed issues of material fact; 2) the district court erred by denying his discovery motions; 3) the district court erred when it dismissed defendant McGinnis pursuant to Fed.R.Civ.P. 12(b)(6); 4) the district court erred when it denied his motion for injunctive relief; 5) the district court improperly denied his motion for counsel; and 6) the district court incorrectly decided that Martin failed to exhaust his administrative remedies as to the allegations against defendant Harvey.

An appellate court's review of a grant of summary judgment is de novo. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment should be granted only where there is no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c). The dismissal of the claims against defendant McGinnis on McGinnis's Fed. R.Civ.P. 12(b)(6) motion is also subject to de novo review. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Dismissal is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief. *Id.*

■ The district court properly dismissed defendant McGinnis. Martin's complaint shows that defendant McGinnis's only involvement was the denial of the appeal of the grievance. The denial of the grievance is not the same as the denial of a request to receive medical care. Therefore, Martin failed to allege any personal involvement by defendant McGinnis in the alleged denial of medical treatment. To the extent that defendant McGinnis is sued because of his past position of authority, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A claim based on supervisory liability has no merit because Martin has not alleged that defendant McGinnis condoned or otherwise approved of the alleged denial of medical care. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

The district court properly dismissed the complaint against defendants Davis and Doe. Neither of these defendants were served with the summons and complaint. However, pursuant to 28 U.S.C. § 1915(e)(2)(ii), the court shall dismiss the case, at any time, if the court determines that the action fails to state a claim upon which relief may be granted. Martin clearly sought to impose liability on these two defendants based upon their respective roles in reviewing his grievance. The analysis in dismissing McGinnis as a defendant applies equally as to Davis and Doe. Accordingly, dismissal of these two defendants was proper.

■ The district court properly granted summary judgment to the defendant Harvey on Martin's Eighth Amendment claim. A viable Eighth Amendment claim includes an objective component, which requires a showing that Martin was exposed to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It also includes a subjective component, which requires a showing that Dr. Harvey acted with deliberate indifference or wantonness, that is more than mere negligence. *See id.* at 835. The record here shows that Dr. Harvey was not deliberately indifferent to Martin's medical needs, even though Martin may have disagreed with the diagnosis and treatment that he received. Thus, Martin has alleged no more than a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983. *See San-*

**310**

*derfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995).

Martin's remaining arguments lack merit. The scope of discovery lies within the sound discretion of the trial court and the denial of a motion to compel discovery is reviewed only for abuse of discretion. *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir.1993). Because the only genuine issues of material fact in this case were resolved by the medical documents that were provided through discovery, the district court did not abuse its discretion in denying Martin's remaining requests.

■ Moreover, the district court did not abuse its discretion when it denied Martin's motion for the appointment of counsel. A district court has discretion to appoint counsel for an indigent civil litigant, 28 U.S.C. § 1915(e)(1), and review of a district court's order denying appointment of counsel is for abuse of discretion. *Id.* at 604–05. In this case, the district court appropriately considered whether exceptional circumstances warranted the appointment of counsel and determined that they did not. Because the issues in this case were not complex and Martin stood a poor chance of success on the merits, the district court did not abuse its discretion in denying his motion for appointed counsel.

Finally, Martin's claim for injunctive relief stemming from incidents occurring during his stay at SPSM was properly denied as moot as he was transferred from that facility prior to the disposition of his complaint. *See Goar v. Civiletti,* 688 F.2d 27, 29 (6th Cir.1982).

Accordingly, the motion for injunctive relief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.