Kenneth Alan **FRAZIER**, also known as K. Al Frazier, **Plaintiff–Appellant,**

v.

State of **MICHIGAN**, et al., **Defendants–Appellees.**

No. 02–1160.

United States Court of Appeals, Sixth Circuit.

July 22, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and WEBER, District Judge.*

### ORDER

Kenneth Alan Frazier, also known as K. Al Frazier, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–34, and 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 11, 2001, Frazier filed a complaint against the state of Michigan; John Engler, governor of the state of Michigan; and the following individuals: Bill Martin, Dan Bolden, Gil Bettinger, Richard B. Stapleton, Thomas Patten, Michael J. Crowley, George M. Pennell, Dr. Oh Chung Do, Practioner P. Koskiniemi, "Psych" R. Marcenino, "Psych" Nannbery, Dr. Richard D. Shaul, Darlene Edlund, William Luetzow, Sharon Wright, Beth Smith, "RUO" Heally, "RUO" Jack Jackola, "RUO" Mary Peterson, and "RUO" Edward Anderson. The complaint did not indicate the defendants' positions or the capacities in which the defendants were sued. Although the complaint stated that such information was included in the "attached notice pleadings ... and attached exhibits in support," no such documents were attached to the complaint.

Frazier's complaint, consisting of three paragraphs in its entirety, alleged in a conclusory manner that he has been subjected to a wide variety of unconstitutional conditions of confinement and deprived of his federal rights during his incarceration. The complaint also referred the court to "attached notice pleadings for full detailed disclosure," however such "notice pleadings" were not attached to the complaint.

The district court granted Frazier's motion to proceed in forma pauperis. Despite Frazier's failure to demonstrate exhaustion of his administrative remedies, the district court subsequently dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c). Frazier's Fed.R.Civ.P. 59(e) motion to alter or amend the judgment was denied by the district court. Frazier has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

We also review de novo a district court's judgment dismissing a prisoner's complaint under § 1997e(c). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

A complaint must contain " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985). Furthermore, a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Upon review, we conclude that Frazier's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights. Thus, even under the most liberal construction, Frazier's complaint did not state a claim for relief. The arguments asserted by Frazier in his appellate brief do not compel a different result.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.