James C. LEVEYE, Plaintiff–
Appellant,

v.

**METROPOLITAN PUBLIC DEFENDER'S OFFICE; Davidson County Criminal Court; Davidson County Sheriff's Office; J.L. Warfield; Gayle Ray, Sheriff, Defendants–Appellees.**

No. 02–5817.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

## ORDER

James C. Leveye, proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 28, 2002, Leveye filed a complaint against the Metropolitan Public Defender's Office, the Davidson County, Tennessee, Criminal Courts, the Davidson County Sheriff's Office, Chief Public Defender R. Alderman, Assistant Public Defender J.L. Warfield, and Davidson County Sheriff Gail Ray. Leveye, a pre-trial detainee, alleged that he desired to represent himself against pending criminal charges

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

lodged against him. Leveye alleged that although an attorney from the public defender's office had been appointed to represent him during the criminal proceedings, he wanted to defend himself. Leveye also alleged that, while detained, he has been denied "effective resources to access the courts, research his case, and adaquatly [sic] prepare any pleadings." Leveye sought injunctive relief only in the form of a federal court order to compel the public defender's office "to surrender [his] case file" and "withdraw as counsel of record in [his] criminal case," to require the state court "to hold [a] hearing to determine [his] fitness to act pro se," and to require the Davidson County Sheriff's Office "to provide [him] with [an] adaquate [sic] law library and materials."

The district court granted Leveye's application to proceed in forma pauperis and dismissed the case as frivolous. Leveye has filed a timely appeal. He requests appointment of counsel in his appellate brief.

We review de novo a district court order dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Leveye's complaint, as it lacks an arguable basis in law or fact. Pursuant to the doctrine

enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger,* 401 U.S. at 44–45, 91 S.Ct. 746. *"Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir.1998); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Hayse v. Wethington,* 110 F.3d 18, 20 (6th Cir.1997).

 All three factors that support abstention under *Younger* were present in this case. First, Leveye's criminal case was currently pending in a Tennessee state court. Second, the criminal case implicated an important state interest, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger,* 401 U.S. at 43–45, 91 S.Ct. 746, 27 L.Ed.2d 669. Third, there was no evidence that the state criminal proceedings did not or could not provide an opportunity for Leveye to raise his constitutional self-representation claim. Therefore, abstention was appropriate in this case with respect to Leveye's self-representation claim.

We further conclude that the district court properly dismissed Leveye's access to the courts claim. The right of access to the courts is a fundamental right protected by the constitution. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ward v. Dyke,* 58 F.3d 271, 275 (6th Cir.1995). The right of access guarantees access to the *courts,* not necessarily an adequate prison law library. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). Moreover, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir.1983).

The materials attached to Leveye's appellate brief indicate that the Davidson County Sheriff's Office provides legal materials to inmates upon request. Furthermore, Leveye indicated that counsel was appointed to represent him during the pending criminal proceedings. Under these circumstances, Leveye's access to the courts has been protected. *See Martucci v. Johnson,* 944 F.2d 291, 295 (6th Cir.1991); *Holt,* 702 F.2d at 640.

Accordingly, the request for appointment of counsel is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.