**Matthew Lorne ALDER,
Plaintiff–Appellant,**

v.

**CORRECTIONAL MEDICAL SERVICES, et al., Defendants–Appellees.**

No. 02–2496.

United States Court of Appeals,
Sixth Circuit.

Aug. 27, 2003.

Matthew Lorne Alder, Jackson, MI, pro se.

Ronald W. Chapman, Kimberley A. Koester, Chapman & Associates, Bloomfield Hills, MI, Linda M. Olivieri, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

## ORDER

Pro se Michigan prisoner Matthew Lorne Alder appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 18, 2002, Alder filed his complaint against Correctional Medical Services ("CMS"), Gregory Naylor, Paul Harvey, R. Mooney, M. Bell, M. Belcher, Jeane–Marie King, John and Jane Does, and Susan DeBruyn. The complaint raises claims of Eighth Amendment violations, negligence, and medical malpractice. These claims arose out of the medical treatment Alder received for a back ailment while incarcerated at Southern Michigan Correctional Facility. Alder sued the defendants in their individual and officials capacities and sought monetary relief.

In an August 1, 2002, report and recommendation, Magistrate Judge Komives recommended that the complaint be dismissed against defendants Belcher, Bell, King, and Naylor for Alder's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1997e(c)(2) and 28 U.S.C. § 1915(e)(2)(B)(ii). He also recommended that the complaint be dismissed sua sponte against defendants DeBruyn, and Mooney under 42 U.S.C. § 1997e(c)(2) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Magistrate Judge Komives noted that Alder's claim against defendant Harvey remained viable as Alder had properly exhausted his administrative remedies as to defendant Harvey.

In a subsequent report and recommendation filed September 25, 2002, Magistrate Judge Komives recommended that CMS's motion for summary judgment be denied insofar as CMS (1) claimed that it did not employ the medical providers at the time Alder was treated; (2) argued failure to exhaust pursuant to § 1997e(a); and (3) argued that Alder could not amend his complaint to add a § 1983 claim against CMS. Alternatively, Magistrate Judge Komives recommended that CMS's motion for summary judgment be granted on Alder's Eighth Amendment claim because the facts asserted by Alder in his complaint did not rise to the level of deliberate indifference. He also recommended that Alder's motion for summary judgment be denied.

Both parties filed objections to Magistrate Judge Komives's reports and recommendations. The district court agreed with Magistrate Judge Komives's recommendation regarding the claims against defendants Belcher, Bell, King, and Naylor. The court also agreed with Magis-

trate Judge Komives's recommendation regarding the claims against defendants DeBruyn and Mooney. The court also dismissed Alder's Eighth Amendment claims against defendant Harvey for failure to state a claim upon which relief may be granted, pursuant to 42 U.S.C. § 1997e(c)(2).

Regarding CMS, the district court rejected Magistrate Judge Komives's conclusion that Alder had properly exhausted his administrative remedies against CMS. The court concluded that Alder's grievance naming defendant Harvey could not serve to exhaust Alder's claims against CMS, and that Alder failed to demonstrate by any other evidence that he exhausted his administrative remedies with respect to CMS. However, the court agreed with the conclusion that Alder's allegations against CMS did not rise to the level of an Eighth Amendment violation. The court declined to exercise supplemental jurisdiction over Alder's state law claims. This appeal followed.

Review of a dismissal pursuant to 42 U.S.C. § 1997e(a) is de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Review of a judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1997e(c)(2) and 1915(e)(2)(B)(ii) is also de novo. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■ Upon review, we conclude that the district court properly dismissed the claims against defendants Belcher, Bell, King, and Naylor on the basis that Alder failed to exhaust administrative remedies with respect to these defendants. *See Wyatt v. Leonard,* 193 F.3d 876, 878–79

(6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Nowhere in the grievances attached to Alder's complaint does he allege any dissatisfaction with defendants Belcher, Bell, DeBruyn, King, and Naylor. Furthermore, his grievances fail even to name defendants Belcher, Bell, DeBruyn, King, and Naylor. Alder must grieve the specific conduct he is dissatisfied with to properly exhaust. Therefore, the claims against defendants Belcher, Bell, King, and Naylor were properly dismissed pursuant to § 1997e(a).

■ Even if it is assumed that Alder properly exhausted his claims, dismissal was still proper against defendants Belcher, Bell, DeBruyn, King, Mooney, and Naylor for failure to state a claim upon which relief may be granted. Nowhere in Alder's complaint does he allege that defendants Belcher, Bell, DeBruyn, King, Mooney, and Naylor were any way deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Furthermore, defendants DeBruyn, King, and Naylor were involved solely by virtue of their denial of Alder's grievances. The mere denial of a prisoner's grievance states no claim of constitutional dimension. *See Martin v. Harvey,* No. 00–1439, 2001 WL 669983, at *2, 14 Fed.Appx. 307 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *see also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) ([as against defendants whose only involvement was the denial of administrative remedies], [t]here is no allegation that any of these defendants directly participated … in the claimed … acts…."). Accordingly, dismissal of Alder's claims against these defendants was proper.

■ The district court properly dismissed the claims against defendant Harvey. Alder's claim against defendant Har-

vey is nothing more than a difference of opinion regarding medical treatment; therefore, it fails to rise to the level of a legally arguable claim under the Eighth Amendment. *Estelle,* 429 U.S. at 107.

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Upon review, we conclude that summary judgment for CMS was proper because Alder failed to exhaust administrative remedies regarding his claims against CMS. *See Wyatt,* 193 F.3d at 878–79. Further, even if it is assumed that Alder adequately exhausted his administrative remedies regarding his claims against CMS, the facts as asserted by Alder in his complaint do not rise to the level of "deliberate indifference." *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.