**Eric GILMORE, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA; et al., Defendants–Appellees.**

No. 03–5836.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Eric Gilmore, Mountain City, TN, Pro se.

Gustavus A. Puryear, IV, Corrections Corporation of America, Kimberly J. Dean, Asst. Atty. General, Office of the Attorney General, Nashville, TN, Tom Anderson, Anderson Law Firm, Jackson, TN, for Defendants–Appellees.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

## ORDER

Eric Gilmore, a Tennessee prisoner proceeding pro se, appeals the district court order that dismissed his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified relief, Gilmore sued the Corrections Corporation of America (CCA) and twenty-two individuals. Gilmore alleged that the South Central Correctional Center and its staff: (1) denied him medical care; (2) threatened him when he tried to exercise his First Amendment right to free speech through the prison grievance system; (3) deprived him of clothes and toiletries; (4) assigned him to an upper bunk despite a medical directive; and (5) took all the money out of his account. Gilmore did not identify any of the defendants in the body of his complaint. The district court granted Gilmore in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2). The court held that Gilmore could not sue the five supervisory personnel named as defendants because respondeat superior does not apply in § 1983 claims, and that Gilmore failed to allege how the remaining defendants violated his constitutional rights.

On appeal, Gilmore restates his district court claims and argues that the supervisory personnel directly participated in the violation of his rights or acquiesced or authorized the violation of his rights.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, "even before ... the individual has had an opportunity to amend the complaint." *Id.* at 608–09; *accord* 28 U.S.C. § 1915(e)(2). A case is frivolous if it lacks an arguable

basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

 Upon review, we affirm the district court's decision for the reasons stated by the district court. Gilmore listed the CCA and twenty-two individuals in the caption of his complaint and gave job titles for most of the individuals. In the body of his complaint, however, Gilmore only stated that "South Central Correctional Center and its staff and security" violated his constitutional rights. The district court properly dismissed Gilmore's claims against the five supervisory defendants because § 1983 liability will not be imposed solely upon the basis of respondeat superior. *See Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). Gilmore did not allege that these defendants condoned, encouraged, or knowingly acquiesced in the alleged misconduct, so his complaint lacked an arguable basis in law. *See id.*

As for the remaining defendants, Gilmore did not allege how any of them were involved in the violation of his rights. Courts construe pro se complaints liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, even pro se complaints must satisfy basic pleading requirements. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.