NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0043n.06

No. 18-4019

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JEFFREY D. MANN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| GARY C. MOHR, et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

PER CURIAM. Jeffrey D. Mann, a pro se Ohio prisoner, appeals the district court's judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. As set forth below, we **AFFIRM**.

Mann, an inmate at Grafton Correctional Institution (GCI), filed this action against thirty-eight defendants, including the director and other administrators of the Ohio Department of Rehabilitation and Correction (ODRC), the warden and other employees of GCI, the director of the Ohio Adult Parole Authority (OAPA), members of the Ohio Parole Board, the executive director of the Joint Committee on Agency Rule Review (JCARR), and the chair of the Ohio Legislative Service Commission (LSC). In his amended complaint, Mann asserted six causes of action: (1) denial of his right to practice his Native American religion and retaliation for attempting to exercise that right, in violation of RLUIPA and various constitutional amendments; (2) unconstitutional discrimination against him as a member of a class created by a 1996 change

to Ohio's sentencing laws; (3) abuse of discretion by the Ohio Parole Board; (4) violation of the Racketeer Influenced and Corrupt Organizations Act by the Ohio Parole Board; (5) intentional infliction of emotional distress by the Ohio Parole Board; and (6) "deprivation of civil rights against all defendants."

Upon the defendants' motion to dismiss and motion to sever certain claims, the district court (1) dismissed Claim 2 with prejudice for failure to state a claim and (2) severed and dismissed without prejudice Claims 3 through 6 (and the defendants against whom those claims were brought) on the basis that, after the dismissal of Claim 2, there was no longer a common question of law or fact to warrant joining the various allegations and numerous defendants. Mann filed a motion to reinstate some of the defendants who had been dismissed, arguing that they were implicated in the conduct alleged in Claim 1, the only remaining claim. The district court construed Mann's motion under Federal Rule of Civil Procedure 59(e) and denied it.

Thereafter, Mann filed (1) praecipes requesting that the clerk enter default pursuant to Federal Rule of Civil Procedure 55(a) on the basis that several defendants had failed to file an answer or other responsive pleading after the district court had disposed of all outstanding motions; (2) a motion to compel the clerk to enter default and default judgment; and (3) a motion to prohibit the defendants from filing an untimely answer. The district court denied Mann's motions and ordered the defendants to answer the amended complaint. That same day, the defendants filed an answer along with a motion for leave to file their answer instanter, which the district court granted.

Both parties moved for summary judgment as to Claim 1. A magistrate judge issued a report and recommendation that summary judgment be granted in favor of the defendants and that all outstanding motions be denied as moot. Over Mann's objections, the district court adopted the magistrate judge's report and recommendation, denied Mann's motion for summary judgment, and

granted the defendants' motion for summary judgment. Mann filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which the district court denied.

This timely appeal followed. Mann argues on appeal that the district court erred in (1) dismissing Claim 2, (2) severing Claims 3 through 6, (3) refusing to reinstate the dismissed defendants, (4) refusing to compel the clerk to enter default and refusing to enter a default judgment, (5) allowing the defendants to file an untimely answer, (6) denying his motion for summary judgment, (7) granting the defendants' motion for summary judgment, and (8) denying his motion for relief from judgment.

**Dismissal of Claim 2**

Prior to 1996, Ohio inmates received indeterminate sentences and became eligible for parole after serving their minimum sentences, with parole decisions delegated to the OAPA. Ohio enacted a new sentencing system in 1996, abandoning indeterminate sentences in favor of fixed terms of incarceration determined by the sentencing judge. *See Michael v. Ghee*, 498 F.3d 372, 373-74 (6th Cir. 2007). Mann alleged in Claim 2 that the new sentencing regime created two "de facto" classes of prisoners: (1) prisoners like him who are serving indefinite sentences and are required to attend regularly scheduled parole hearings before the Ohio Parole Board, which has sole discretion over their release dates (the parole class), and (2) prisoners who are serving definite sentences and do not appear before the Ohio Parole Board because their release dates are determined by Ohio statutory law and the sentencing judge (the non-parole class). Mann claimed that the defendants have created and enforced policies, practices, and procedures that discriminate against him and other members of the parole class in violation of the Equal Protection Clause, alleging in particular that these policies, practices, and procedures create the opportunity for the Ohio Parole Board to extend the incarceration of members of the parole class and not members of

the non-parole class, even when members of both classes commit the same rule violation at the same time.

Two of the defendants named in Claim 2, LSC Chair and Senator Keith Faber and JCARR Executive Director Larry Wolpert, filed a motion to dismiss Mann's complaint. The magistrate judge construed Claim 2 as asserting a violation of the Ex Post Facto Clause and recommended dismissing that claim for failure to state a claim upon which relief may be granted. The district court adopted the magistrate judge's recommendation and dismissed Claim 2 with prejudice against all defendants.

We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Crosby v. Univ. of Ky.*, 863 F.3d 545, 551 (6th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mann contends that the district court erred in miscasting his equal protection claim as an ex post facto claim. Even so, dismissal of Claim 2 was warranted. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) ("[W]e may affirm on any grounds supported by the record even if different from the reasons of the district court."). Mann cannot "make out a violation of his equal protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). The new sentencing regime's creation of two classes did not implicate a fundamental right or target a suspect class. *See Michael*, 498 F.3d at 379 (holding that there is no fundamental right to parole and that prisoners are not considered a suspect class). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of

validity"; that is, "[s]uch a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe by Doe*, 509 U.S. 312, 319-20 (1993). Mann cannot overcome the presumed validity of the new sentencing regime, which this court has previously upheld against an equal protection challenge. *See Michael*, 498 F.3d at 379-80. Accordingly, Claim 2 was properly dismissed.

**Severance and Dismissal of Claims 3 Through 6**

Mann contends that the district court erred in severing Claims 3 through 6. We review the severance of joined claims for abuse of discretion. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). Federal Rule of Civil Procedure 20 provides that defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Under Rule 18(a), a party asserting a claim may join "as many claims as it has against an opposing party." Rule 21 allows the district court, in the event of misjoinder or nonjoinder, to "add or drop a party" or "sever any claim against a party." In determining whether to sever claims, courts consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman*, 896 F.3d at 733 (quoting *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013)).

The district court granted the defendants' motion to sever Claims 3 through 6 and dismissed those claims without prejudice, leaving Mann's claim for denial of his religious rights asserted in Claim 1. In Claims 3 through 5, Mann alleged that the Ohio Parole Board had abused its discretion since the enactment of the sentencing law in 1996, had engaged in a pattern of racketeering activity by forcing prisoners to remain incarcerated beyond their lawful sentences, and had intentionally inflicted emotional distress upon him. Claim 6 raised a general "deprivation of civil rights" claim against all defendants. The district court determined that, after the dismissal of Claim 2 challenging Ohio's sentencing structure, no common question of fact or law existed to warrant joining the various allegations and numerous defendants.

On appeal, Mann argues that the chain of events demonstrates that his claims arose from the same transaction or occurrence—that the defendants retaliated against him for asserting his religious rights by issuing him a false misconduct report which led to the extension of his sentence by the Ohio Parole Board. But Claim 1 raised individualized allegations against GCI employees about the denial of Mann's right to practice his Native American religion and retaliation against him for attempting to exercise that right. Claims 3 through 5 challenged the Ohio Parole Board's decision-making process affecting Mann and other members of the parole class. Given the differences in the allegations and in the named defendants, the district court did not abuse its discretion in determining that there was no common nexus between Claim 1 and Mann's other claims to warrant their joinder.

**Denial of Motion to Reinstate Defendants**

After the district court dismissed Claims 2 through 6, Mann moved to reinstate the following defendants as erroneously dismissed: ODRC Director Gary C. Mohr, Assistant ODRC Director Steve Huffman, ODRC Chief of Staff Linda James, ODRC Northern Regional Director

Jesse Williams, ODRC Legislative Liaison Scott Neely, ODRC Chief Legal Counsel Stephen Gray, and ODRC Chief Inspector Gary Croft. Mann asserted that these defendants were implicated in Claim 1 because they had "an integral and active part in the promulgation and creation of the Ohio Administrative Code[] and the ODRC Policies" used to deny him the ability to practice his Native American religion.

The district court construed Mann's motion as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend its order dismissing these defendants and denied the motion. We review the denial of Mann's motion for abuse of discretion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005). "A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

With the exception of Croft, these defendants were not named in Claim 1. Generally referencing "the Defendants"—when there were thirty-eight defendants listed in the complaint—failed to satisfy basic pleading requirements and failed to place these particular defendants on notice that Mann sought to hold them responsible for the allegations made in Claim 1. *See Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."). As for Croft, Mann alleged that he filed a grievance against GCI Warden Bennie Kelly to compel Kelly to answer his appeal and that Croft denied his grievance. The alleged denial of a grievance or failure to intervene failed to state a claim against Croft. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir.

2003). For these reasons, the district court did not abuse its discretion in denying Mann's motion to reinstate these defendants.

**Untimely Answer**

Mann argues that the district court erred in denying his motions to compel the clerk to enter default in accordance with Federal Rule of Civil Procedure 55(a) and to prohibit the defendants from filing an untimely answer. The district court denied Mann's motions, stating that courts disfavor default judgments and that Mann had not shown prejudice, and ordered the defendants to file an answer to the amended complaint. That same day, the defendants filed an answer along with a motion for leave to file their answer instanter, which the district court granted. Mann contends that the district court abused its discretion in allowing the defendants' untimely answer.

We review the decision to allow a late-filed answer for abuse of discretion. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006). Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Courts balance the following factors in making the excusable-neglect determination: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Mann, who had filed numerous requests for extensions of time, failed to assert any prejudice resulting from the defendants' delay in filing an answer. The defendants filed their answer approximately seven weeks after the deadline. As grounds for the delay, the defendants asserted that turnover in the Ohio Attorney General's Office resulted in multiple different attorneys

being assigned to the case and that the current attorney, who had been assigned that week, promptly filed an answer upon discovering the missed deadline. Mann's failure to assert prejudice and the defendants' lack of bad faith weighed in favor of finding excusable neglect. "Further, if the district court had denied leave to file the tardy answer and default had entered instead, defendants almost certainly would have been entitled to have the default set aside, given their facially meritorious defense and the strong policy favoring adjudication on the merits." *Morgan*, 165 F. App'x at 430 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Under these circumstances, we can find no abuse of discretion in allowing the defendants' untimely answer.

## Summary Judgment on Claim 1

Mann contends that the district court erred in denying his motion for partial summary judgment and granting the defendants' motion for summary judgment on Claim 1. We review the district court's decision to grant summary judgment de novo. *Hanrahan v. Mohr*, 905 F.3d 947, 953 (6th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Mann primarily argues on appeal that the defendants relied on unsworn declarations and therefore failed to support their summary judgment motion with any admissible evidence. The defendants submitted unsworn declarations made under penalty of perjury pursuant to 28 U.S.C. § 1746. Such unsworn declarations may be considered on summary judgment. *See* Fed. R. Civ. P. 56(c)(4); *see also Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir. 1998).

Mann does not raise any other specific objection to the district court's decision to grant summary judgment in favor of the defendants. Instead, in support of his argument that the district

court erred in denying his motion for partial summary judgment, Mann merely restates the allegations made in Claim 1. Mann's argument boils down to: The defendants failed to submit any admissible evidence (which is incorrect); therefore, he should prevail. In his reply brief, Mann attempts to incorporate by reference the arguments made in his memorandum in opposition to the defendants' motion for summary judgment. But we do not allow argument by reference to the briefing below. *Northland Ins. Co. v. Stewart Title Guar. Co*., 327 F.3d 448, 452-53 (6th Cir. 2003). By failing to address the district court's analysis in any detail, Mann has abandoned his appeal from the district court's decision to grant summary judgment in favor of the defendants. *See Langley v. DaimlerChrysler Corp*., 502 F.3d 475, 483 (6th Cir. 2007).

**Denial of Motion for Relief from Judgment**

Mann finally argues that the district court erred in denying his motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b)(6). We review the denial of Mann's Rule 60(b)(6) motion for abuse of discretion. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006). Under Rule 60(b)(6), the district court may grant relief from a final judgment for "any other reason that justifies relief." This provision applies only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990).

Mann asserted in his Rule 60(b)(6) motion that the timing of the district court's opinion adopting the magistrate judge's report and recommendation (one day after he filed his reply memorandum in support of his objections) indicated that the district court did not conduct a de novo review. In its opinion, issued a month after Mann filed his initial objections, the district court stated that it had reviewed the magistrate judge's report and recommendation de novo and had

considered all of Mann's objections.  We can discern no abuse of discretion in the district court's

denial of Mann's Rule 60(b)(6) motion.

For these reasons, we **AFFIRM** the district court's judgment in favor of the defendants.