IN THE UNITED STATES DISTRICT COURT 
 FOR THE NORTHERN DISTRICT OF OHIO 

Rev. Dennis Briggs, Case No. 1:21cv1400 

 Plaintiff, 
 -vs- JUDGE PAMELA A. BARKER 

 MEMORANDUM OPINION 
Medina County, Ohio, AND ORDER 

 Defendant. 

 On July 20, 2021, pro se plaintiff Rev. Dennis Briggs filed this civil rights action under 42 
U.S.C. § 1983 against “Medina County, Ohio.” (Doc. No. 1). For the following reasons, this action 
is dismissed. 
 I. Background 
 Plaintiff filed this civil rights action under 42 U.S.C. § 1983 challenging his arrest for 
criminal trespass in January 2021. Plaintiff alleges that he is awaiting trial on that charge in 
Wadsworth Municipal Court in Case No. 21CRB0007-A. He claims that he was arrested for 
“camping in the public right of way with the permission of the landowner.” (Doc. No. 1). Plaintiff 
requests damages and a temporary injunction to stop prosecution. 
 Defendant filed a Motion to Dismiss, stating that Plaintiff makes no viable claim against 
Medina County, Ohio, and that Plaintiff’s criminal trespass case is in Wadsworth Municipal Court 
and should therefore be addressed in that court. (Doc. No. 4). Defendant later amended its Motion 
to add that Plaintiff’s trial had proceeded in Wadsworth Municipal Court and a jury convicted 
Plaintiff of criminal trespass. (Doc. No. 6). 
 II. Standard of Review 
 By separate order, the Court granted this pro se plaintiff leave to proceed in forma pauperis 

pursuant to 28 U.S.C. § 1915. Accordingly, because Plaintiff is proceeding in forma pauperis, and 
seeks relief from a government defendant, his Complaint is before the Court for initial screening 
under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require district courts to screen all in 
forma pauperis complaints filed in federal court, and all complaints in which prisoners seek redress 
from governmental entities, officers, or employees, and to dismiss before service any such 
complaint that the court determines is frivolous or malicious, fails to state a claim upon which 
relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 
See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). 
 Although a complaint filed by a pro se plaintiff is “liberally construed” and “held to less 
stringent standards than formal pleadings drafted by lawyers,” Erickson v. Pardus, 551 U.S. 89, 

94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 
97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), a pro se complaint must “contain sufficient factual 
matter, accepted as true, to ‘state a claim to relief that is plausible on its face’” to avoid a dismissal 
for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 
868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. 
Ed. 2d 929 (2007)); Hill, 630 F.3d at 470-71 (holding that the “dismissal standard articulated in 
Iqbal and Twombly governs dismissals for failure to state a claim” under §§ 1915A and 
1915(e)(2)(B)). 
 Upon review, the Court finds that Plaintiff’s Complaint must be dismissed under §§ 1915A 
and 1915(e)(2)(B). 
 III. Law and Analysis 
 As an initial matter, the Complaint is subject to dismissal because it fails to meet basic 

pleading requirements by identifying how the defendant “Medina County, Ohio” was personally 
involved in an alleged rights violation. It is a basic pleading requirement that a plaintiff attribute 
specific factual allegations to particular defendants. Twombly, 550 U.S. at 555 (holding that to 
state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the 
claim). And the Court is not required to conjure unpleaded facts or construct claims against 
defendants on behalf of a pro se plaintiff. See Bassett v. National Collegiate Athletic Ass’n, 528 
F.3d 426, 437 (6th Cir. 2008). 
 Where, as here, “Medina County, Ohio” is named as a defendant without allegations of 
discernible specific conduct relating to Plaintiff’s purported claim, the Complaint is subject to 
dismissal even under the liberal construction afforded to pro se complaints. See Gilmore v. Corr. 

Corp. of Am., 92 F. App’x 188, 190 (6th Cir. 2004) (“Merely listing names in the caption of the 
complaint and alleging constitutional violations in the body of the complaint is not enough to 
sustain recovery under § 1983.”); Frazier v. Michigan, 41 F. App’x 762, 764 (6th Cir. 2002) 
(affirming dismissal of complaint that did not allege with any degree of specificity which of the 
named defendants were personally involved in or responsible for each alleged violation of federal 
rights). 
 Further, to the extent that the criminal proceedings referred to in the Complaint have 
concluded, and success on his claims in this action would call into question the validity of those 
proceedings, Plaintiff's claims are not cognizable under § 1983 unless he has succeeded in having 
any resulting conviction or sentence invalidated or called into question by a federal habeas corpus 
proceeding, which he has not alleged. Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 
L. Ed. 2d 383 (1994). Plaintiff's claims challenging the validity of any conviction or sentence 
cannot be brought pursuant to § 1983 - his sole federal remedy is habeas corpus. See Preiser v. 

Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). 
 To the extent Plaintiff’s criminal proceedings are still pending in the state court, and 
Plaintiff asks this Court to intervene, the Court may not do so. A federal court must abstain from 
interfering with pending state court proceedings involving important state interests absent 
extraordinary circumstances which are not present here. See Younger v. Harris, 401 U.S. 37, 44-
45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings 
are ongoing, (2) the state proceedings implicate important state interests, and (3) the state 
proceedings afford plaintiff with an adequate opportunity to raise federal questions. Leveye v. 
Metro. Pub. Def. Office, 73 F. App’x 792, 794 (6th Cir. 2003) (citing Younger, 401 U.S. at 43-45). 
Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in 

nature as long as federal court intervention “unduly interferes with the legitimate activities of the 
state.” Younger, 401 U.S. at 44. 
 Here, if Plaintiff’s criminal proceedings are still pending, all three factors supporting 
abstention are present. Criminal proceedings implicate important state interests. See Leveye, 73 F. 
App’x at 794 (a criminal case implicates an important state interest as state criminal prosecutions 
have traditionally been considered an arena in which federal courts decline to interfere) (citing 
Younger, 401 U.S. at 43-45). And concerning the final factor of the Younger abstention, in the 
absence of “unambiguous authority to the contrary,” the Court may assume that state court 
procedures will afford Plaintiff an adequate opportunity to present his federal claims in the pending 
state court proceedings. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 
L. Ed. 2d 1 (1987); see also Szarell v. Summit Cty. Court of Common Pleas, No. 5:18-cv-2975, 
2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (the third factor of the Younger 
abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court 

proceedings did not or could not provide her with an opportunity to present her federal claim). The 
Court must therefore abstain from interfering with Plaintiff’s pending criminal proceedings. 
 Finally, to the extent that that Plaintiff’s complaint constitutes an appeal of any state court 
proceeding, this Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine. See Dist. of 
Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 
(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). 
“Where federal relief can only be predicated upon a conviction that the state court was wrong, it 
is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited 
appeal of the state-court judgment.” Catz v. Chalker, 142 F.3d 279, 295 (6th Cir. 1998) (quoting 
Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting Pennzoil, 481 U.S. at 25)), 

amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court 
judgments can only occur in the United States Supreme Court. See Feldman, 460 U.S. at 483; 
Rooker, 263 U.S. at 415-16. 
 This Court therefore lacks jurisdiction to consider Plaintiff’s complaint to the extent that 
Plaintiff is seeking to be relieved of the consequences of the state proceedings. 
 IV. Conclusion 
 For the foregoing reasons, Plaintiff’s complaint is dismissed pursuant to 28 U.S.C. §§ 
1915A and 1915(e)(2)(B). Defendant’s Motion to Dismiss (Doc. No. 4) is denied as moot. 
 The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this 
decision may not be taken in good faith. 
 IT IS SO ORDERED. 

 s/Pamela A. Barker ______ 
 PAMELA A. BARKER 
Date: 10/26/2021 U. S. DISTRICT JUDGE